IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARL BARNETT**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| **GEOSCIENCE ENGINEERING & TESTING, INC.**, | § § § | |
| | § | |
| *Defendant*. | § | **JURY REQUESTED** |
| | § | |

## ORIGINAL COMPLAINT AND JURY REQUEST

TO THE HONORABLE JUDGE OF THIS COURT

COMES NOW Carl Barnett ("Plaintiff"), complaining of Geoscience Engineering & Testing, Inc. ("Defendant"), and for cause of action he respectfully shows unto this Court the following:

### PARTIES AND SERVICE

1. Plaintiff is a citizen of the United States of America and the State of Texas and resides in Harris County, Texas. Defendant is Plaintiff's former employer. His written consent opting into this action is attached as Exhibit A.

2. Defendant is a Texas company with its principal office located in Houston, Texas. Geoscience Engineering & Testing, Inc. can be served with process through its registered agent for service of process, Jim A. Palavan, at 405 East 20th Street, Houston, Texas 77008, in any manner the Federal Rules of Civil Procedure permit.

### JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

1

4.     All parties are subject to personal jurisdiction in the Southern District of Texas. Defendant made itself subject to this Court's jurisdiction by maintaining a physical presence and business operations in this District.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Defendant resides in this District and most of the relevant facts occurred in this District.

### NATURE OF THE ACTION

6.     This is a private civil action brought against Defendant pursuant to Section 16(b) of 29 U.S.C. § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendant did not pay Plaintiff overtime as required by FLSA. Instead, Defendant only paid him a salary with no overtime pay for hours worked over forty (40) in a week. This action seeks to recover the unpaid overtime wages and other damages owed to Plaintiff.

### CONDITIONS PRECEDENT

7.     All conditions precedent to jurisdiction have occurred or been complied with.

### FACTS

8.     Defendant is a Texas based corporation that focuses on construction, material testing and inspection services, environmental engineering, and geotechnical engineering.

9.     On or about February of 2015, Plaintiff was hired by Defendant into a position with the title of Construction Materials Testing ("CMT") and was paid on an hourly basis with overtime at the start of his employment.

10.    In late 2015/early 2016, Defendant misclassified Plaintiff as an exempt employee and started him on a salary. However, the duties and description of his position never changed before or after his employment. Plaintiff realized in late 2016 that he was no longer being paid overtime.

11. Defendant is a covered enterprise because it is a business engaging in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) for at least each of the last three years.

12. Defendant's employees routinely use or handle goods or materials, including vehicles, tools, and equipment that are produced and tested for construction commerce. Defendant also used the United States Postal system to send mail across state lines and interstate banking systems to pay Defendant's employees.

13. Defendant determined the hours Plaintiff worked.

14. Defendant determined Plaintiff's duties as well as work locations.

15. Defendant determined the rate and method of payment for Plaintiff.

16. Defendant made personnel and payroll decisions, including Plaintiff's pay rates, their job assignments and the decision to switch Plaintiff to salary.

17. Defendant owns or controls the equipment and supplies Plaintiff used to perform their work.

18. Defendant has the power to hire and fire Plaintiff.

19. An employer who pays a non-exempt employee on a salary basis must divide the employee's salary by the number of hours for which the salary is intended to compensate to obtain an hourly rate and pay time and a half for any hours worked over forty (40). 29 C.F.R. § 778.113.

20. Plaintiff is a non-exempt employee who served as a CMT.

21. Defendant pays Plaintiff a salary with no overtime pay as if his was an exempt employee.

22. Plaintiff earns, on average, between $884.00 and $1,327.00 per week.

23. Defendant did not keep records of the hours Plaintiff worked in a workweek in compliance with 29 U.S.C. § 211(c).

24. Defendant keeps personnel records for Plaintiff.

25. Defendant's policy of paying straight time only applied to all hourly-paid staff employed by Defendant.

26. Plaintiff regularly worked in excess of fifty (50) hours per week. For example, during the week of May 15, 2016 – May 21, 2016, Plaintiff worked 60 hours. However, Plaintiff was not paid any overtime rate for any hours worked overtime.

27. Plaintiff regularly worked more than 40 hours in a workweek. Defendant did not pay them the extra one-half-time required by the FLSA. In fact, Defendant did not pay Plaintiff any overtime whatsoever after switching Plaintiff to salary.

28. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Plaintiff.

### CAUSE OF ACTION- FLSA VIOLATION

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 of this Complaint.

30. By failing to pay Plaintiff overtime at one-and-one-half times their regular rates for every hour that he worked over forty (40) hours in a workweek, Defendant violated the FLSA's overtime provisions.

31. Defendant owes Plaintiff the difference between the hourly equivalent of their day-rate, weekly rate, or annual earnings for forty (40) hours and the proper overtime rate owed to him for every hour that he worked over forty (40) hours in a workweek. Because Defendant knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Defendant owes these wages for at least the past two years.

32. Defendant is liable to Plaintiff for an amount equal to all unpaid overtime wages.

33. Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY REQUEST

34. Plaintiff hereby requests a trial by jury.

### RELIEF REQUESTED

Plaintiff respectfully requests relief as follows:

1. Judgment awarding Plaintiff all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

2. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

3. All such other and further relief that Plaintiff is justly entitled.

Respectfully submitted,

**STEPHENS REED & ARMSTRONG, PLLC**

By: */s/ Derrick A. Reed*
    **Derrick A. Reed**
    Attorney-in-Charge
    Federal I.D. No.: 899172
    State Bar No.: 24053780
    Email: derrick@srapllc.com
    12234 Shadow Creek Pkwy
    Building 1, Suite 1104
    Pearland, Texas 77584
    Telephone: (281) 489-3934
    Facsimile: (281) 657-7050

**ATTORNEY FOR PLAINTIFF**

CO-COUNSEL:

**Marrick Armstrong**
Federal I.D. No.: 611068
State Bar No. 24057695
Email: marrick@srapllc.com

**STEPHENS REED & ARMSTRONG, PLLC**
12234 Shadow Creek Pkwy
Building 1, Suite 1104
Pearland, Texas 77584
Telephone: (281) 489-3934
Facsimile: (281) 657-7050