# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CARL BARNETT, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-03251 |
| GEOSCIENCE ENGINEERING & TESTING, INC., | § § § | Jury Demanded |
| Defendant. | § § § | |

## DEFENDANT GEOSCIENCE ENGINEERING & TESTING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Geoscience Engineering & Testing, Inc. ("Defendant" or "Geoscience Engineering"), by and through its undersigned counsel, files this Original Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint"). Defendant shows the Court as follows:

### PARTIES AND SERVICE

1. Answering the allegations in numbered paragraph 1 of the Complaint, Geoscience Engineering admits it is Plaintiff's former employer. Geoscience Engineering without sufficient information to admit or deny the remaining allegations contained in paragraph 1, and on that basis, denies those allegations.

2. Answering the allegations in numbered paragraph 2 of the Complaint, Geoscience Engineering admits it is a Texas company with its principal office located in Houston, Texas, and that its registered agent is Jim A. Palavan, with an address of 405 East 20th Street, Houston Texas 77008. Except as expressly admitted herein, Geoscience Engineering denies the remaining allegations.

## JURISDICTION

3. Answering the allegations in numbered paragraph 3 of the Complaint, Geoscience Engineering admits this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Except as expressly admitted herein, Geoscience Engineering denies the remaining allegations.

4. Answering the allegations in numbered paragraph 4 of the Complaint, Geoscience Engineering admits that it has a physical office and business operations in the Southern District of Texas. Except as expressly admitted herein, Geoscience Engineering denies the remaining allegations as stated.

5. Answering the allegations in numbered paragraph 5 of the Complaint, Geoscience Engineering admits those allegations.

## NATURE OF ACTION

6. Answering the allegations in numbered paragraph 6 of the Complaint, the first sentence is a legal statement to which no response is required. Geoscience Engineering denies the remaining allegations.

## CONDITIONS PRECEDENT

7. Answering the allegations in numbered paragraph 7 of the Complaint, Geoscience Engineering is without sufficient information to admit or deny the allegations contained in paragraph 7, and on that basis denies those allegations.

## FACTS

8. Answering the allegations in numbered paragraph 8 of the Complaint, Geoscience Engineering admits those allegations.

9. Answering the allegations in numbered paragraph 9, Geoscience Engineering admits those allegations.

10. Answering the allegations in numbered paragraph 10 of the Complaint, Geoscience Engineering denies those allegations.

11. Answering the allegations in numbered paragraph 11 of the Complaint, Geoscience Engineering denies those allegations.

12. Answering the allegations in numbered paragraph 12 of the Complaint, Geoscience Engineering denies those allegations.

13. Answering the allegations in numbered paragraph 13 of the Complaint, Geoscience Engineering is without sufficient information to admit or deny those allegations, and on that basis denies those allegations.

14. Answering the allegations in numbered paragraph 14 of the Complaint, Geoscience Engineering admits those allegations.

15. Answering the allegations in numbered paragraph 15 of the Complaint, Geoscience Engineering admits it determined Plaintiff's rate of pay. Except as expressly admitted, Geoscience Engineering is without sufficient information to admit or deny the remaining allegations, and on that basis denies those allegations.

16. Answering the allegations in numbered paragraph 16 of the Complaint, Geoscience Engineering admits those allegations.

17. Answering the allegations in numbered paragraph 17 of the Complaint, Geoscience Engineering admits those allegations.

18. Answering the allegations in numbered paragraph 18 of the Complaint, Geoscience Engineering denies those allegations.

19. Answering the allegations in numbered paragraph 19 of the Complaint, this is a legal statement to which no response is required. To the extent paragraph 19 contains factual allegations, Geoscience Engineering denies those allegations.

20. Answering the allegations in numbered paragraph 20 of the Complaint, Geoscience Engineering basis denies those allegations.

21. Answering the allegations in numbered paragraph 21 of the Complaint, Geoscience Engineering denies those allegations.

22. Answering the allegations in numbered paragraph 22 of the Complaint, Geoscience Engineering is without sufficient information to admit or deny the allegations contained in paragraph 22, and on that basis denies those allegations.

23. Answering the allegations in numbered paragraph 23 of the Complaint, Geoscience Engineering denies those allegations.

24. Answering the allegations in numbered paragraph 24 of the Complaint, Geoscience Engineering admits those allegations.

25. Answering the allegations in numbered paragraph 25 of the Complaint, Geoscience Engineering denies those allegations.

26. Answering the allegations in numbered paragraph 26 of the Complaint, Geoscience Engineering denies those allegations.

27. Answering the allegations in numbered paragraph 27 of the Complaint, Geoscience Engineering admits it did not pay Plaintiff overtime pay during the time he was classified as an overtime-exempt salaried employee. Except as expressly admitted, Geoscience Engineering denies the remaining allegations in paragraph 27.

28. Answering the allegations in numbered paragraph 28 of the Complaint, Geoscience Engineering denies those allegations

## CAUSE OF ACTION- FLSA VIOLATION

29. Geoscience Engineering incorporates by reference its responses to paragraphs 1 through 28. To the extent paragraph 29 of the Complaint contains factual allegations, Geoscience Engineering denies those allegations.

30. Answering the allegations in numbered paragraph 30 of the Complaint, Geoscience Engineering denies those allegations

31. Answering the allegations in numbered paragraph 31 of the Complaint, Geoscience Engineering denies those allegations

32. Answering the allegations in numbered paragraph 32 of the Complaint, Geoscience Engineering denies those allegations

33. Answering the allegations in numbered paragraph 33 of the Complaint, Geoscience Engineering denies those allegations

## JURY REQUEST

34. Answering the allegations in numbered paragraph 34 of the Complaint, this is a statement to which no response is required. To the extent paragraph 34 of the Complaint contains factual allegations, Geoscience Engineering denies those allegations.

## RELIEF REQUESTED

Geoscience Engineering is not required to affirm or deny Plaintiff's requested relief, but affirmatively states there are no grounds in fact or law that warrant the granting of Plaintiff's requested relief. Accordingly, Geoscience Engineering denies that Plaintiff is entitled to any of the relief requested, or any relief at all, and to the extent the "Relief Requested" section contains any factual allegations, Geoscience Engineering denies those allegations.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Geoscience Engineering sets forth its affirmative and other defenses to the Complaint, and each and every cause of action or claim alleged, without assuming or undertaking any burden or burdens of proof not otherwise assigned to it by law. Geoscience Engineering intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

### FIRST DEFENSE

The Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND DEFENSE

The Complaint and each cause of action asserted therein, are subject to the doctrine of accord and satisfaction, and therefore, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

### THIRD DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrines of consent, release, and/or unclean hands.

### FOURTH DEFENSE

The Complaint is barred to the extent that the Plaintiff cannot establish that any acts or omissions of Geoscience Engineering were willful.

### FIFTH DEFENSE

The claims of Plaintiff for penalties are barred, in whole or in part, on the grounds that Geoscience Engineering acted reasonably and in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and

unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## SIXTH DEFENSE

Geoscience Engineering alleges that, even if Plaintiff is entitled to additional compensation—which Geoscience Engineering denies—Geoscience Engineering acted at all times in good faith towards Plaintiff, which precludes an award of liquidated damages.

## SEVENTH DEFENSE

Geoscience Engineering alleges that Plaintiff is not entitled to recover attorney's fees in this matter.

## EIGHTH DEFENSE

Geoscience Engineering alleges that Plaintiff has been paid all wages owed to him.

## NINTH DEFENSE

Geoscience Engineering alleges that some or all of the hours worked by Plaintiff which he claims as unpaid were *de minimis* and do not qualify as compensable hours worked within the meaning of the FLSA.

## TENTH DEFENSE

The claims of Plaintiff are barred to the extent that the penalties violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

## ELEVENTH DEFENSE

The Complaint is barred to the extent that there are bona fide disputes as to whether further compensation is due to Plaintiff and, if so, as to the amount of such further compensation, and to impose penalties on Geoscience Engineering would be inequitable and unjust.

## TWELFTH DEFENSE

To the extent that the Plaintiff purports to represent to have any damages, Geoscience Engineering is entitled to offset those damages by the amounts already paid.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff is exempt from the overtime provision of the Fair Labor Standards Act.

## FOURTEENTH DEFENSE

Plaintiff was paid in conformity with the requirements set forth in the FLSA because Plaintiff's work was not covered by the minimum and overtime wage requirements of the FLSA. Specifically, Plaintiff's claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA, including, but not limited to, the outside sales and the 7(i) exemptions under the FLSA, or some combination of applicable exemptions.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred to the extent that the Plaintiff failed to plead a prima facie case arising under the FLSA and Texas state law.

## SIXTEENTH DEFENSE

Pursuant to Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, Plaintiff is not entitled to recover liquidated damages under the FLSA because any acts or omissions giving rise to the Plaintiff's FLSA claims in this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## SEVENTEENTH DEFENSE

Plaintiff's breach of contract claim is barred due to Plaintiff's own breaches.

### EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the parol evidence doctrine.

### NINETEENTH DEFENSE

Geoscience Engineering pleads that Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, ratification, laches, and/or estoppel.

### TWENTIETH DEFENSE

Geoscience Engineering pleads that Plaintiff failed to mitigate his alleged damages.

### TWENTY-FIRST DEFENSE

Geoscience Engineering pleads that any relief to which Plaintiff may be entitled is barred by or limited by the after-acquired evidence doctrine.

### TWENTY-SECOND DEFENSE

The employment at-will doctrine bars Plaintiff's claims for fraud, fraudulent inducement, promissory estoppel, quantum meruit, and/or breach of contract.

### TWENTY-THIRD DEFENSE

Geoscience Engineering pleads that Plaintiff's claims are barred, in whole or part, because Plaintiff first breached his duties to Geoscience Engineering which were a condition precedent to the performance by Geoscience Engineering of which Plaintiff now complains.

### TWENTY-FOURTH DEFENSE

Geoscience Engineering presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

WHEREFORE, Defendant, having fully answered the Complaint, hereby prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing thereby;

2. Judgement be entered against Plaintiff and in favor of Defendant;

3. Defendant be awarded their costs of defense and reasonable attorneys' fees; and the Court award Defendant such other and further relief as it deems appropriate.

Date: February 25, 2020

Respectfully submitted,

Of Counsel:
Conor H. Kelly
LITTLER MENDELSON, P.C.
Texas Bar No. 24097926
Federal I.D. No. 3006883
chkelly@littler.com
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 951-9400
Facsimile: (713) 951-9212

*/s/ Kelley Edwards*
Kelley Edwards
State Bar No. 24041775
S.D. Tex. ID No. 560755
kedwards@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
ATTORNEY-IN-CHARGE FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on February 25, 2020, a true and correct copy of the above and foregoing instrument was served on the following via the Court's electronic filing system, as follows:

Derrick A. Reed
Marrick Armstrong
Stephens Reed & Armstrong, PLLC
12234 Shadow Creek Parkway
Building 1, Suite 1104
Pearland, Texas 77584
Email: derrick@srapllc.com
Email: marrick@srapllc.com

**ATTORNEYS FOR PLAINTIFF**

                                        */s/ Conor H. Kelly*
                                        Conor H. Kelly